UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

SANDRA MITTELSTEADT
1155 Esther Ann Lane
Hortonville, Wisconsin 54944

    Plaintiff,

    v.                                Case No. 26-cv-383

WISCONSIN WELLNESS MH, LLC     **JURY TRIAL DEMANDED**
5643 West Waterford Lane
Appleton, Wisconsin 54913

    Defendant

## COMPLAINT

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), by Plaintiff, Sandra Mittelsteadt, against Defendant, Wisconsin Wellness MH, LLC, for purposes of obtaining relief under the FLSA for backpay, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

### JURISDICTION AND VENUE

2. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

4. Plaintiff, Sandra Mittelsteadt, is an adult female resident of the State of Wisconsin residing at 1155 Esther Ann Lane, Hortonville, Wisconsin 54944.

5. Defendant, Wisconsin Wellness MH, LLC, is an entity doing business in the State of Wisconsin with a principal office address of 5643 West Waterford Lane, Appleton, Wisconsin 54913.

6. Defendant is an outpatient mental health therapy and behavioral health clinic.

7. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

8. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

9. During the relevant time periods as stated herein, Defendant employed two (2) or more employees.

10. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

11. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA.

12. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff worked as an employee of Defendant in the position of Mental Health Therapist.

13. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant supervised Plaintiff's day-to-day activities.

14. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiff.

15. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant reviewed Plaintiff's work performance.

16. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's work schedule.

17. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established Plaintiff's hourly rate(s) of pay and means of compensation.

18. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant provided Plaintiff with work assignments and hours of work.

19. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's hours of work were tracked and recorded by Defendant.

20. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant established the work rules, policies, and procedures by which Plaintiff abided in the workplace.

21. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant controlled the terms and conditions of Plaintiff's employment.

## **FLSA RETALIATION ALLEGATIONS**

22. During Plaintiff's employment at Defendant, Defendant agreed to compensate Plaintiff with an annual salary of $132,000.00 with the expectation that Plaintiff perform twenty-eight (28) clinical hours per workweek.

23. At all times relevant hereto, Plaintiff met or exceeded Defendant's expectation to perform twenty-eight (28) clinical hours per workweek.

24. In approximately June 2025, Defendant demanded that in addition to performing twenty-eight (28) clinical hours per workweek, Plaintiff promote Defendant's business and engage in outside marketing activities without compensation.

25. In response to this demand, Plaintiff made multiple, verbal and written complaints to Defendant regarding Defendant's demand that Plaintiff perform work without compensation. Specifically, Plaintiff told Defendant's Managing Member, Sol Levinger, that requiring Plaintiff to work without compensation was a "violation of the minimum wage law," or words to that effect.

26. As of at least July 1, 2025, Defendant understood and was aware that Plaintiff had made complaints, both verbal and written, regarding compensation and minimum pay.

27. As of at least July 1, 2025, Defendant understood and was aware that Plaintiff had asserted her rights provided and protected by federal law regarding compensation and minimum wage pay.

28. On approximately July 1, 2025, Defendant terminated Plaintiff's employment.

29. Defendant terminated Plaintiff's employment on July 1, 2025 in retaliation for making complaints regarding minimum wage pay and/or for asserting her rights provided and protected by federal law, in violation of the FLSA.

## FIRST CLAIM FOR RELIEF
### Violations of the FLSA – Retaliation

30. Plaintiff reasserts and incorporates all previous paragraphs as if they were set forth herein.

31. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

32. Plaintiff's verbal and written complaints, as identified herein, constituted "filing a complaint" within the meaning of the FLSA.

33. Defendant understood Plaintiff's verbal and written complaints, as identified herein, to be assertions of her rights provided and protected by the FLSA.

34. Defendant violated the FLSA, 29 U.S.C. § 215(a)(3), by terminating Plaintiff's employment on approximately July 1, 2025, because Plaintiff made complaints against Defendant relating to its violations of the FLSA.

35. Defendant intentionally retaliated against Plaintiff by terminating her employment for exercising her rights under the FLSA, 29 U.S.C. § 201 et seq.

36. The FLSA, 29 U.S.C. § 216(b), makes an employer who violate 29 U.S.C. § 215(a)(3) liable for such legal or equitable relief as may be appropriate to effectuate the purposes of Section 215(a)(3), including without limitation: reinstatement, lost wages and other employment benefits, and an additional equal amount as liquidated damages.

37. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

1. Order Defendant to make Plaintiff whole by providing reimbursement for back pay, liquidated damages, compensatory damages, punitive damages, reinstatement or front pay, and reimbursement for attorneys' fees and costs pursuant to the FLSA as a result of Defendant's retaliation and unlawful termination of Plaintiff under the FLSA;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

3. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 10th day of March, 2026

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

s/ **David M. Potteiger**
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com